HARRIS, Chief Judge,
concurring specially:
I agree with the majority that this record supports the trial judge’s determination that the noncustodial mother has an obligation to the child to contribute some child support in light of the testimony of the father that he cannot now properly support the child by himself (even though his income is approximately $50,000 per year) and her testimony that she is now employed and earning income.
I write because of a significant non-ruling by. the court. The father, years earlier, had gained custody pursuant to a settlement agreement which was silent as to any child support obligation of the mother. In that *472 same agreement, the mother signed over her interest in the marital home and contents to the father. She contends now that she gave up her interest in the home and furnishings in exchange for the father’s commitment to properly provide for the child’s needs. The father counters that she conveyed her interest because he committed to pay the joint debts — even though the wife, unemployed at the time of the divorce, had no financial ability to pay those debts in any event.
The court ignored this issue, apparently reasoning that the child’s right to proper support cannot be contracted away and that since additional support is required for the child’s best interest, the mother must pay it. I do not argue with that finding. But the significance of the unresolved issue is that if the father obtained the mother’s interest in the marital property in exchange for his agreement to alone provide the proper support for the child, the mother now should have an action against the father either for damages caused by his breach or rescission because of the failure of consideration. Perhaps this issue can be resolved in a new action.